**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

|  |  |
|---|---|
| STATE FARM LLOYDS INSURANCE COMPANY AS SUBROGEE OF PAUL AND PAULA MULLER, | |
| Plaintiff, | Case No. 4:13-CV-00219-RAS-DDB |
| v. | |
| TITEFLEX CORPORATION, GASTITE DIVISION, | |
| Defendant. | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

COMES NOW Defendant Titeflex Corporation, Gastite Division ("Titeflex") and files this Answer to Plaintiff's Original Petition ("Petition") filed by State Farm Lloyds Insurance Company, as subrogee of Paul and Paula Muller ("Plaintiff"). Every allegation not specifically admitted in this Answer is expressly denied.

**II. PARTIES, VENUE AND JURISDICTION**

1. Titeflex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and on that basis denies the allegations.

2. Titeflex admits in part and denies in part the allegations of Paragraph 2. Titeflex denies that it is a Massachusetts corporation, but admits that it is authorized to do business in the State of Texas and may be served through its registered agent, CT Corporation Systems.

3. Titeflex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and on that basis denies the allegations.

4.   Titeflex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 and on that basis denies the allegations.

5.   Titeflex admits that it is a corporation qualified to do business in the State of Texas and was conducting business in this state at the relevant time period.  However, the rest of Paragraph 5 contains legal conclusions to which no responsive pleading is required.  Should a response be deemed required, Titeflex denies the allegations contained therein.

### III. STRICT PRODUCTS LIABILITY

6.   Titeflex admits that corrugated stainless steel tubing ("CSST") installed in the home owned by Paul and Paula Muller was manufactured and designed by Titeflex as a flexible gas delivery system.  However, the rest of the first paragraph of the Strict Products Liability section of the Petition contains legal conclusions to which no responsive pleading is required.  Should a response be deemed required, Titeflex denies the allegations contained therein.

7.   Titeflex admits it was engaged in the designing, manufacturing, and marketing of CSST, and denies the rest of the second paragraph of the Strict Product Liability section of the Petition.

### IV. FACTS

8.   Titeflex admits in part and denies in part the allegations in paragraph one of the Facts section of the Petition.  Titeflex admits that it was the manufacturer of CSST that was installed in the Muller's home at the time of the fire, but denies the rest as Titeflex is without knowledge or information sufficient to form a belief as to the truth of these allegations.

9.   Titeflex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph two of the Facts section of the Petition and on that basis denies the allegation.

10. Titeflex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first three sentences of paragraph three of the Facts section of the Petition and on that basis denies the allegations.  Titeflex denies the allegations contained in the remaining sentences of paragraph three of the Facts section of the Petition.

11. Titeflex admits that it manufactured CSST installed in the Muller's home.  However, the rest of paragraph four of the Facts section of the Petition contains legal conclusions to which no responsive pleading is required.  Should a response be deemed required, Titeflex denies the allegations contained therein

## V. CAUSES OF ACTION AGAINST DEFENDANT

## COUNT ONE—NEGLIGENCE

12. In answer to the first paragraph of Count One of the Petition, Titeflex incorporates by reference the foregoing paragraphs as if set forth fully herein.

13. The second paragraph of Count One of the Petition contains legal conclusions to which no responsive pleading is required.  Should a response to the second paragraph be deemed required, Titeflex denies the allegations contained therein.

14. Titeflex denies the allegations contained in the third paragraph of Count One of the Petition, including all of its subparts [a – n].

15. The fourth paragraph of Count One of the Petition contains legal conclusions to which no responsive pleading is required.  Should a response to the fourth paragraph be deemed required, Titeflex denies the allegations contained therein.

**Failure to Warn**

16. The fifth paragraph of Count One of the Petition contains legal conclusions to which no responsive pleading is required.  Should a response to the fifth paragraph be deemed required, Titeflex denies the allegations contained therein.

17. Titeflex denies the allegations contained in paragraph six of Count One of the Petition.

18. Titeflex denies the allegations contained in paragraph seven of Count One of the Petition.

19. Titeflex denies the allegations contained in paragraph eight of Count One of the Petition.

20. Titeflex admits that it engaged a public relations firm, but denies the remaining allegations in paragraph nine of Count One of the Petition.

21. The tenth paragraph of Count One of the Petition contains legal conclusions to which no responsive pleading is required.  Should a response to the tenth paragraph be deemed required, Titeflex denies the allegations contained therein.

## COUNT TWO – STRICT LIABILITY

22. In answer to the first paragraph of Count Two of the Petition, Titeflex incorporates by reference the foregoing paragraphs as if set forth fully herein.

23. The third sentence of the second paragraph of Count Two of the Petition contains legal conclusions to which no responsive pleading is required.  Should a response to the third sentence of the second paragraph be deemed required, Titeflex denies the allegations contained therein. Titeflex denies the remaining allegations of the second paragraph of Count Two of the Petition.

24. Titeflex denies the allegations contained in paragraph three of Count Two of the Petition.

**Safer Alternative Design**

25. Titeflex denies the allegations contained in paragraph four of Count Two of the Petition.

26. Titeflex denies the allegations contained in paragraph five of Count Two of the Petition.

27. Titeflex denies the allegations contained in paragraph six of Count Two of the Petition.

28. Titeflex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of the seventh paragraph of Count Two of the Petition and on that basis denies the allegations.  The second and third sentences of the seventh paragraph of Count Two of the Petition contain legal conclusions to which no responsive pleading is required.  Should a response to the second and third sentences of the seventh paragraph be deemed required, Titeflex denies the allegations contained therein.

<u>**COUNT THREE**</u> **– BREACH OF EXPRESS AND IMPLIED WARRANTY**

29. In answer to the first paragraph of Count Three of the Petition, Titeflex incorporates by reference the foregoing paragraphs as if set forth fully herein.

30. The second sentence of the second paragraph of Count Three of the Petition contains legal conclusions to which no responsive pleading is required.  Should a response to the second sentence of the second paragraph be deemed required, Titeflex denies the allegations contained therein.  Titeflex denies the remaining allegations of the second paragraph of Count Three of the Petition.

31. The second sentence of the third paragraph of Count Three of the Petition contains legal conclusions to which no responsive pleading is required.  Should a response to the second sentence of the third paragraph be deemed required, Titeflex denies the allegations contained therein.  Titeflex denies the remaining allegations of the third paragraph of Count Three of the Petition.

32. The fourth paragraph of Count Three of the Petition contains legal conclusions to which no responsive pleading is required.  Should a response to the fourth paragraph be deemed required, Titeflex denies the allegations contained therein.

## VI. <u>DAMAGES</u>

33. In answer to the first paragraph of the Damages section of the Petition, Titeflex incorporates by reference the foregoing paragraphs as if set forth fully herein.

34. Titeflex is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second paragraph of the Damages section and on that basis denies the allegations.

35. The third paragraph of the Damages section of the Petition contains legal conclusions to which no responsive pleading is required.  Should a response to the third paragraph be deemed required, Titeflex denies the allegations contained therein.

## <u>AFFIRMATIVE DEFENSES</u>

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to the proportionate responsibility provision of Chapter 33 of Texas Civil Practice and Remedies Code, including (without limitation) the requirement of § 33.003 thereof that the trier of fact determine the relative responsibility of each claimant, defendant, settling person, and responsible third-party that may be joined in the suit.  Plaintiff's recovery, if any, from Titeflex should be reduced by the comparative negligence, fault, responsibility, or causation attributable to such other parties or persons.

### SECOND AFFIRMATIVE DEFENSE

Pleading further, Titeflex would show that the proximate cause, or alternatively, the sole proximate cause, of the incident in question was the acts or omissions of third-parties over whom Titeflex has no control and for whose actions Titeflex cannot be held liable.

## THIRD AFFIRMATIVE DEFENSE

Pleading further, Titeflex did not install the gas piping system or its component parts in the Muller's home.  If any negligence occurred or defect existed in connection with the gas piping system, such alleged defect or negligence was the result of the improper installation of the gas piping system or its component parts for which Titeflex is not responsible.

## FOURTH AFFIRMATIVE DEFENSE

Pleading further, Plaintiff's alleged damages resulted from new and independent, unforeseeable, superseding and/or intervening causes unrelated to any conduct of Titeflex.

## FIFTH AFFIRMATIVE DEFENSE

Pleading further, Titeflex denies the existence of any implied warranty.  Titeflex has expressly disclaimed all implied warranties.

## SIXTH AFFIRMATIVE DEFENSE

Pleading further, Titeflex denies the existence of any express warranty made to Plaintiff because Titeflex never made any representations to Plaintiff regarding CSST and therefore Plaintiff cannot show that it relied on any express representations by Titeflex.  Further, Titeflex objects that any alleged warranty on which Plaintiff may rely is void pursuant to the terms of the warranty itself due to the improper installation in the Muller's home of the Titeflex products.  Further, and in the strict alternative, to the extent any warranty does exist and is not void, the warranty is limited, at the option of Titeflex, to the replacement or repair of any defective part or the refund of the purchase price.  Titeflex denies such warranty would extend to the damages Plaintiff seeks in this suit.

## SEVENTH AFFIRMATIVE DEFENSE

Pleading further, Plaintiff's alleged implied warranty of merchantability claim is barred by the Statute of Limitations, pursuant to Tex. Bus. & Com. Code § 2.725.

## EIGHTH AFFIRMATIVE DEFENSE

Pleading further, Titeflex would show that the proximate cause, or alternatively, the sole proximate cause, of the incident in question was an act of god or an unavoidable accident.

## NINTH AFFIRMATIVE DEFENSE

Pleading further, Titeflex is not liable because Plaintiff did not make reasonable efforts to mitigate its damages.

## TENTH AFFIRMATIVE DEFENSE

The Petition, and each cause of action purportedly stated therein, is barred in whole or in part because Plaintiff is not entitled to maintain this suit against Titeflex by reason of the equitable doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

The Petition, and each cause of action purportedly stated therein, is barred in whole or in part by reason of the equitable doctrine of estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

Pleading further, Plaintiff's claims are subject to Section 82.005 of the Texas Civil Practice and Remedies Code, which requires that a claimant in a products liability action who alleges a design defect prove by a preponderance of the evidence that there was a safer alternative design and that the defect was a producing cause of the property damage or personal injury for which the claimant seeks recovery.

## THIRTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff has failed to preserve all evidence related to its Petition.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Petition, and each cause of action purportedly stated therein, is barred in whole or in part because Plaintiff lacks standing to maintain this suit against Titeflex by reason of assignment and/or failure to join an indispensable party.

## FIFTEENTH AFFIRMATIVE DEFENSE

Titeflex currently has insufficient knowledge or information to form a belief as to whether it may have additional, as yet unstated, defenses available.  Titeflex reserves the right to assert additional defenses in the event discovery indicates that they would be appropriate.

By pleading the above affirmative defenses, Titeflex does not necessarily concede that it bears the burden of proof.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Titeflex respectfully prays for judgment as set forth below:

A.     That Plaintiff takes nothing by reason of Plaintiff's Petition or other pleading;

B.     That the Petition, including all claims and any relief sought by Plaintiff, be dismissed with prejudice;

C.     For an award of reasonable attorneys' fees;

D.     For an award of costs of suit;

E.     For such other and further relief as the Court may deem appropriate, just and proper under the circumstances.

## JURY DEMAND

Defendant Titeflex Corporation respectfully requests a jury trial on all issues raised in

Plaintiff's Petition.

Dated: April 22, 2013                              Respectfully submitted,


                                                   */s/ Luke McHenry*

                                                   Luke McHenry
                                                   State Bar No. 24057993
                                                   REEVES & BRIGHTWELL LLP
                                                   221 W. 6th Street, Suite 1000
                                                   Austin, Texas 78701
                                                   lmchenry@reevesbrightwell.com
                                                   (512) 334-4500
                                                   (512) 334-4492 (Fax)

                                                   **ATTORNEYS FOR DEFENDANT
                                                   TITEFLEX CORPORATION, GASTITE
                                                   DIVISION**

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of April 2013 a true and correct copy of the

foregoing document was served via ECF and/or facsimile to the following:

N. Scott Carpenter
Craig M. Schumacher
Carpenter & Schumacher, P.C.
Parkway Center IV
2701 North Dallas Parkway, Suite 570
Plano, TX  75093


*/s/ Luke McHenry*
Luke McHenry